IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE D. FLAGG, #310705, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:20-CV-309-ECM |
| ) | |
| DONALD VALENZA, *et al*., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATON OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is pending before the court on a 28 U.S.C. § 2241 habeas petition and amendments thereto filed by Andre D. Flagg, an individual currently incarcerated in the Houston County Jail on a pending state criminal charge for murder. In this petition, Flagg presents claims challenging the pending murder charge and the constitutionality of his confinement pursuant to such charge. Doc. 1; Doc. 6; Doc. 11.

Pursuant to an order of the court, the respondents' filed an answer to the petition on July 10, 2020. Doc. 19. In their answer, the respondents advise that Flagg is currently awaiting re-trial before the Circuit Court of Houston County, Alabama on a murder charge due to the reversal of his 2017 conviction by the Alabama Court of Criminal Appeals. Doc. 19 at 3 ("On September 7, 2018, the appellate court found that the trial court had failed to properly advise Flagg of the rights and consequences of representing himself pursuant to *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) and reversed his [murder] conviction and remanded it to the trial court for a new trial."). Doc. 19 at 3;

*see Flagg v. State*, 272 So. 3d 233 (Ala. Crim. App. 2018). The respondents assert that this court should not address the merits of Flagg's claims for relief as he has failed to exhaust his state remedies with respect to the claims presented to this court. Doc. 19 at 5.[1]

Upon review of the respondents' answer, the court entered an order affording Flagg an opportunity to demonstrate why this habeas petition should not be denied as the claims raised therein are subject to dismissal for his failure to exhaust available state remedies. Doc. 20.[2] Flagg filed a response to this order on December 2, 2020. Doc. 48.

## II. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 -- including exhaustion of state remedies -- apply to" Flagg as he challenges the validity of state court actions. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059–1062 (11th Cir. 2003)]. For that reason, even though [Flagg] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to

---

[1] The respondents also argue that Flagg is procedurally defaulted on his claims as he did not raise them on appeal from the 2017 murder conviction. However, the undersigned finds this argument unavailing as Flagg's claims do not relate to that conviction; instead, he is now challenging his confinement on the pending murder charge and actions relative to the state court proceedings on this charge. As such, further discussion of the procedural default argument is not warranted.

[2] Based on motions filed by Flagg seeking discovery, the court subsequently ordered the respondents to supplement their answer with various documents.

challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303. The law directs that this court shall not grant relief on a habeas petition "unless [and until] it appears that the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(1)(b)(1)(A).

After a thorough review of the answer and supporting documents filed by the respondents and the petition and response in opposition to the answer filed by Flagg, the undersigned finds that Flagg has not fully and properly exhausted his available state court remedies with respect to the claims now before this court challenging the constitutionality of his current custody, the only claims properly before this court in the instant habeas action, by presenting these claims throughout the state courts — first to the trial court and then by the appropriate measure provided by state law through the state appellate courts.

With respect to the speedy trial claim, Flagg should first present this claim to the trial court, and, if unsuccessful, he may then seek relief from any order issued by the trial court by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals. *See Ex parte Anderson*, 979 So. 2d 777 (Ala. 2007). If Flagg is represented by counsel in the state proceedings, counsel should file the mandamus petition with the appellate court. *Id*. If unsuccessful before the Alabama Court of Criminal Appeals on his speedy trial claim, Flagg may then seek mandamus relief before the Alabama Supreme Court.

As to the excessive bail claim, the respondents argue and the undersigned agrees that "[a] claim that bond set by the trial court is excessive can [] be raised in a [state] petition for writ of habeas corpus in the Alabama Court of Criminal Appeals and, if

necessary, a petition in the Alabama Supreme Court. *Ex parte Stokes*, 990 So. 2d 852, 853 (Ala. 2008)." Doc. 19 at 9. Flagg has therefore failed to exhaust this claim as he may present it throughout the state court system and should do so prior to seeking federal habeas relief from this court. Finally, insofar as Flagg alleges a violation of the Double Jeopardy Clause and raises claims regarding the admissibility of evidence which the State may seek to present against him, including physical evidence and the possible testimony of witnesses, these claims are likewise unexhausted. Specifically, Flagg may challenge his re-trial as an infringement of his right against double jeopardy and the admissibility of the State's evidence during the proceedings before the trial court by way of motions and/or objections and, if unsuccessful before the trial court and convicted of the offense, on appeal of his conviction to the state appellate courts.[3]

Based on the foregoing, it is clear that Flagg has not yet exhausted all of his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. To circumvent the exhaustion requirement attendant to a federal habeas action, a petitioner must demonstrate there is an "absence of available state

---

[3] The Alabama Court of Criminal Appeals reversed and remanded Flagg's 2017 murder conviction due to the trial court's failure to properly advise Flagg of his rights as required by *Faretta v. California*, 422 U.S. 806 (1975), before allowing him to represent himself at trial. *See Flagg*, 272 So. 3d at 242 (footnote omitted) ("The record in this case . . . does not demonstrate that Flagg was 'obviously aware' of his right to withdraw his waiver of counsel. Although the record indicates that Flagg had prior arrests and convictions, the record does not demonstrate that Flagg had experience with the criminal justice system to the extent that it would confer upon him an obvious awareness of his right to withdraw his waiver of counsel. Based on the totality of the circumstances, we cannot say that Flagg's decision to represent himself was knowingly, intelligently, and voluntarily made. For the foregoing reasons, the circuit court's judgment is due to be reversed."). The undersigned recognizes the law is well-settled that "[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge." *United States v. Scott*, 437 U.S. 82, 90–91 (1978) (internal citation omitted). However, the undersigned deems it inappropriate to enter a ruling on the merits of this issue prior to Flagg's exhaustion of his state court remedies.

corrective process" or "circumstances exist that render such process ineffective to protect [his] rights."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981).  Flagg fails to demonstrate that state court remedies are unavailable or that such remedies are ineffective.  Under these circumstances, the undersigned does not deem it appropriate to rule on the merits of Flagg's claims without requiring that he first exhaust available state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).

> Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts [all] available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden,* 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id.*
>
> [The petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps

5

in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [as discussed above, the petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [the petitioner's] constitutional claims either before trial[, during trial] or, in the event [the petitioner] is convicted, through appellate and post-conviction proceedings.

For the reasons noted above, this court concludes that [the petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [the petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, Civil Action No. 1:11-CV-841-TMH, 2012 WL 255759, at *2-3 (M.D. Ala. Jan. 5, 2012), Recommendation adopted (Jan. 27, 2012).

In light of the foregoing, the undersigned concludes that Flagg must first exhaust his available state court remedies on the claims presented herein prior to seeking habeas relief in this court.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. §§ 2241 petition for habeas corpus relief filed by the petitioner be DENIED.

2. This case be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust his available state court remedies.

On or before **January 22, 2021,** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of January, 2021.

    /s/ Jerusha T. Adams
    JERUSHA T. ADAMS
    UNITED STATES MAGISTRATE JUDGE